KIRK D. MILLER, P.S.
421 W. Riverside Avenue
Suite 660
Spokane, WA 99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER L. ADSIT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DUNDRUM, LLC, and LAW OFFICES OF JAMES R. VAUGHAN, PC,<br><br>Defendants. | Case No.:<br><br>COMPLAINT<br>(JURY DEMANDED - CLASS ACTION) |

## I. INTRODUCTION

Plaintiff Jennifer Adsit, by and through her attorney Kirk D. Miller of Kirk D. Miller, P.S., pleads the allegations and claims against Defendant Dundrum, LLC, (hereinafter "Dundrum") and the Law Offices of James R. Vaughan, PC (hereinafter "Vaughan, PC"), as follows:

## II. JURISDICTION

2.1    Jurisdiction of this Court arises under 15 U.S.C. 1692k(d), 28 U.S.C. § 1337, and 28 U.S.C. § 1331. Supplemental jurisdiction exist for

COMPLAINT 1

1   state law claims pursuant to 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201 and § 2202.

2.2   Venue is proper in this District under 28 U.S.C. § 1391(b) because the Defendants conduct affairs and transact business in this District, the unlawful acts giving rise to this claim occurred in this District, and the Plaintiff resides within the territorial jurisdiction of the court.

### III. PARTIES

3.1   Plaintiff Jennifer Adsit is a resident of the state of Washington.

3.2   At all times relevant to this lawsuit, Plaintiff Adsit was a resident of Spokane County, Washington.

3.3   Defendant Dundrum is a Washington State corporation engaged in the business of collecting debts within Washington.

3.4   Defendant Dundrum solicits claims for collection.

3.5   Defendant Dundrum regularly collects or attempts to collect claims owed or due or asserted to be owed or due to another person, firm, partnership, trust, joint venture, association, or corporation.

3.6   Defendant Dundrum is licensed by the state of Washington as a collection agency.

3.7   Defendant Dundrum is a "collection agency" as defined by RCW 19.16.100(4).

COMPLAINT 2

3.8 Defendant Vaughan, PC is an Arizona State corporation engaged in the business of collecting debts within Washington State.

3.9 Defendant Vaughan, PC solicits claims for collection.

3.10 Defendant Vaughan, PC regularly collects or attempts to collect claims owed or due or asserted to be owed or due to another person, firm, partnership, trust, joint venture, association, or corporation.

3.11 Defendant Vaughan, PC is licensed by the state of Washington as a collection agency.

3.12 Defendant Vaughan, PC is a "collection agency" as defined by RCW 19.16.100(4).

3.13 Plaintiff was alleged by the Defendants to have entered into an agreement to pay money to US Bank NA ND.

3.14 The debt that Defendants alleged Plaintiff owed was for person, family, and household purposes.

3.15 Specifically, the alleged debt was for an alleged obligation to US Bank.

3.16 Defendants attempted to collect a "debt" from Plaintiff, as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(5).

3.17 Defendants regularly use the telephone in their attempts to collect debts.

COMPLAINT 3

3.18 Defendants uses instrumentalities of interstate commerce or the "mail" in its business.

3.19 Defendant Dundrum is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.20 Defendant Law Offices of James R. Vaughan, PC is a "debt collector" as defined by the FDCPA 15 U.S.C. § 1692a(6).

3.21 All acts alleged of Law Offices of James R. Vaughn, PC were done on its own behalf, and on behalf of Defendant Dundrum, LLC.

## IV. FACTS

4.1 On or about March 23, 2015, Defendant filed an action against Plaintiff in Spokane County Superior Court.

4.2 On April 2, 2015, the Spokane County Superior Court entered a default judgment against Plaintiff.

4.3 At all times relevant to this action, Plaintiff has been an employee of Target Corporation.

4.4 On March 29, 2016, Defendant issued a writ of garnishment to Plaintiff's employer.

4.5 Along with the writ of garnishment, Defendant sent an accompanying letter that was not legal process and not authorized by any law.

COMPLAINT 4

4.6  Defendants letter accompanying the writ of garnishment was a "communication", as defined by 15 U.S.C. § 1692a.

4.7  The letter sent in conjunction with the writ of garnishment contains embarrassing allegations about the Plaintiff directed to her employer, including the statement that the Plaintiff "neglected to voluntarily fulfill this financial obligation".

4.8  The Spokane County Superior Court docket does not reflect the writ of garnishment being issued by the court at any time in 2016, so it is unclear whether defendant legally obtained a writ of garnishment directed to plaintiff's employer.

4.9  In order to apply for a writ of garnishment, defendant would have been required to swear that it had reason to believe that the Plaintiff's employer was in possession of Plaintiff's nonexempt assets.

4.10 Defendant never had reason to believe that Plaintiff's employer was in possession of her nonexempt assets, since no previous writ of garnishment yielded any nonexempt assets and plaintiff was a part-time employee.

4.11 On or about March 29, 2016, Defendant sent Plaintiff a letter dated March 23, 2016.

COMPLAINT 5

4.12  In part, the letter dated March 23, 2016 stated "we intend to file successive garnishments every 60 days, until the total balance is satisfied."

4.13  Defendant did not intend to file successive garnishments against the Plaintiff every sixty (60) days.

4.14  It would be illegal for Defendant Dundrum to file successive garnishments every sixty (60) days against the Plaintiff's employer because Defendant would never have "reason to believe" that Plaintiff's employer was in possession of nonexempt assets.

4.15  Defendant's letter to the Plaintiff was an attempt to harass and intimidate her into paying otherwise exempt money.

4.16  In conjunction with the March 23, 2016 letter to Plaintiff, Defendant also sent the plaintiff a "NOTICE OF GARNISHMENT AND OF YOUR RIGHTS".

4.17  Defendant's March 23, 2016 letter and notice of exemption rights was a "communication", as that term is defined by the FDCPA.

4.18  Washington law allows judgment debtors to claim up to five hundred dollars ($500) in cash as exempt from garnishment.

4.19  Defendant's notice to the Plaintiff falsely stated that Plaintiff was only entitled to a $200 cash exemption.

COMPLAINT 6

# V. CAUSE OF ACTION
Fair Debt Collection Practices Act Violation
(Unfair and Deceptive Acts)

5.1  Congress enacted the Fair Debt Collection Practices Act in response to "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors [which] contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a); *Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1024 (9th Cir. 2012).

5.2  The Fair Debt Collection Practices Act is a strict liability statute, and prohibits deceptive or misleading debt collection from the perspective of the least sophisticated consumer. *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988).

5.3  The FDCPA also states: "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt." 15 U.S.C. §1692e.

5.4  The following conduct is a violation of section 1692e: "The false representation of the character, amount, or legal status of a debt…" 15 U.S.C. §1692e(2).

COMPLAINT 7

5.5 The FDCPA, 15 U.S.C. §1692e(5), prohibits threatening or taking any action that cannot legally be taken. See *Sprinkle v. SB&C Ltd.*, 472 F. Supp. 2d 1235, 1247 (W.D. Wash. 2006) (to rule otherwise "would provide more protection to debt collectors who violate the law than those who merely threaten or pretend to do so.")

5.6 The FDCPA broadly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt…" 15 U.S.C. §1692e(10).

5.7 The FDCPA prohibits falsely representing the legal status or character of a debt. 15 U.S.C. §1692e(2).

5.8 It is unfair and unconscionable for a debt collector to attempt to collect any amount that is not expressly authorized by agreement or permitted by law. 15 U.S.C. §1692f(1).

5.9 A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. §1692d.

5.10 Issuing writs of garnishment based on declarations for garnishment that falsely swear the plaintiff has reason to believe that a judgment debtors assets are not exempt violates the FDCPA.

COMPLAINT 8

5.11  Communicating with third parties, including garnishee defendants, regarding the judgment debtor's alleged obligation, in any manner other than that required by law, violates the FDCPA.

5.12  Falsely representing to judgment debtors the amount that they are entitled to claim as exempt violates the FDCPA.

## VI.   CLASS ALLEGATIONS

6.1  This action is brought on behalf of a class consisting of:

6.1.1  All consumers, as that term is defined by the FDCPA;

6.1.2  who are or were judgment debtors;

6.1.3  in a case filed by, or assigned to, Defendant Dundrum, LLC;

6.1.4  in a court in the state of Washington;

6.1.5  where a writ of garnishment was obtained by the defendant;

6.1.5.1  where the writ of garnishment was sent to any third party in conjunction with a letter that is not specifically authorized by law; or

6.1.5.2  where the defendant unlawfully alleged that it would file successive writs of garnishment every sixty (60) days; or

6.1.5.3  where the defendant sent the judgment debtor a "NOTICE OF GARNISHMENT AND OF YOUR

COMPLAINT 9

RIGHTS" that misrepresented the total cash exemption to which the judgment debtor would be entitled.

6.2  For purposes of the FDCPA claims, the class is limited to "consumers" who were sued for a "debt", as those terms are defined 15 U.S.C. § 1692a(3) and (5).

6.3  The class period for the FDCPA claims is the one (1) year preceding the filing of this lawsuit.

6.4  Plaintiff has the same claims as the members of the class.  All of the claims are based on the same factual and legal theories.

6.5  Plaintiff will fairly and adequately represent the interests of the class members.  She is committed to vigorously litigating this matter.

6.6  Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue this claim.

6.7  A class action is a superior method for the fair and efficient adjudication of this controversy.

6.8  Class-wide declaratory relief prohibiting Defendants from engaging in the unlawful debt collection tactics is essential to induce Defendants to comply with the law.

6.9  The interest of the class members in individually controlling the presentation of separate claims against the Defendants is small

COMPLAINT 10

because of the complexity of the litigation and the relatively small amount of relief available to each member of the class.

6.10 Certification of a class pursuant to Fed.R.Civ.P. 23(b)(3) is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights, and the class is comprised of a largely vulnerable population. In the absence of a class action, a failure of justice will result.

## VII. RELIEF REQUESTED

WHEREFORE, Plaintiff prays for judgment to be entered against the Defendants as follows:

7.1 Certification of the above-defined class;

7.2 For declaratory relief holding that Defendants violated the Fair Debt Collection Practices Act;

7.3 For declaratory relief holding that Defendants violated RCW 19.16.250;

7.4 For an Injunction preventing Defendants from using affidavits for garnishment that deviate from the statutory requirements of RCW 6.27, et seq. in any Washington State court;

7.5 For an Injunction preventing the licensee, the customer of the licensee, or any other person who may hereafter legally seek to collect

COMPLAINT 11

on this claim, from ever being allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim, pursuant to RCW 19.16.450;

7.6 For Actual and Compensatory damages in an amount to be proven at trial, pursuant to RCW 19.86 et seq., 15 U.S.C. §1692 et seq.;

7.7 For Statutory damages in the amount of one thousand dollars ($1,000) or one percent (1%) of the Defendant's net worth, pursuant to 15 U.S.C. §1692 et seq.;

7.8 For treble each class member's "actual" damages, pursuant to RCW 19.86, et seq.;

7.9 For costs and reasonable attorneys' fees and costs in an amount to be proven at trial pursuant to 15 U.S.C. §1692 et seq. and RCW 19.86 et seq.;

7.10 For interest on the above amounts as authorized by law; and

7.11 For other relief as the Court deems just and equitable.

DATED this 22nd day of March 2017.

*Kirk D. Miller P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA #40025
Attorney for Plaintiff

COMPLAINT 12