FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 19, 2017

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER L. ADSIT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DUNDRUM, LLC, and LAW OFFICES OF JAMES R. VAUGHAN, P.C.,<br><br>Defendants. | No. 2:17-CV-00110-SMJ<br><br>**ORDER DENYING DEFENDANTS' MOTION TO RECONSIDER** |

Before the Court, without oral argument, is Defendants Dundrum, LLC and Law Offices of James R. Vaughan, P.C.'s Motion to Reconsider Order Granting Plaintiff's Motion to Extend the Deadline for Service, ECF No. 10.

On August 30, 2017, Plaintiff Jennifer Adsit filed a motion to extend time for service of process, ECF No. 5. After reviewing the motion and the file, the Court granted the motion on September 8, 2017. Later that same day, Defendants filed a motion to dismiss under Rules 4(m) and 12(b)(5), ECF No. 7, and a Motion to Continue hearing on Plaintiff's motion to extend time for service, ECF No. 8. On

ORDER - 1

September 15, Defendants filed this motion for reconsideration of Plaintiff's motion to extend time for service.

Defendants assert that Plaintiff violated Rule 5 and LR 5.1(b) by failing to serve Defendants with the motion to extend time for service and filing the motion without a certificate of service. Local Rule 5.1 requires the moving party to attach to each document proof of service on opposing counsel or parties. Parties may utilize the court's electronic transmission facilities to make service of written motions. Fed. R. Civ. P. Federal 5(b)(2)(d),(3). General Order No. 100-04-1 sets out the rules governing the electronic transmission facilities in this Court. Specifically, Section VII provides that notice of service on a registered participant in the ECF filing system shall constitute service under Fed. R. Civ. P. 5(b)(2)(d). The proof-of-service affidavit must state that service was accomplished through the Notice of Electronic Filing for parties and counsel who are filing users or indicate how service was accomplished on any party or counsel who is not an electronic filing user. *Id.*

Here, it appears Defendants did not receive notice of Plaintiff's motion to continue the deadline for service, ECF No. 5. Defendants were served with the summons and complaint on August 25, 2017. However, court records indicate that Defense Counsel Adil Siddiki did not file a notice of appearance until he filed the motion to dismiss on September 8, 2017, ECF No. 7. The fact that Defendants did

not yet have an attorney of record when Plaintiff filed her motion to extend time for service appears to be the cause of the failure to give notice. The Court does not infer bad faith or malicious intent on the part of the Plaintiff, but advises Plaintiff to ensure service and include an affidavit of service in future filings pursuant to Rule 5.1.

Defendants argue that the Court's order granting Plaintiff's motion is "fundamentally unfair" and "inconsistent with due process of law" because they were deprived of the opportunity to meaningfully respond. ECF No. 10 at 5. The Court acknowledges Defendants' interest in responding to a motion that, if denied, could dictate the outcome of the case. However, the Court is not aware of, and counsel has not cited, any law mandating a defendant's right to respond to a plaintiff's motion to extend time of service. The inquiry as set out in the Federal Rules concerns whether the court can conclude that the plaintiff has made the appropriate showing of good cause or excusable neglect. This inquiry does not require a response from defendants. Nonetheless, Defendants have responded by filing the present Motion for Reconsideration. The Court finds that Defendants were not prejudiced by the Court granting Plaintiff's motion to extend time of service without a response from Defendants. The Court further finds no basis to reconsider its decision to extend the time for service.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendants' Motion to Reconsider Order Granting Plaintiff's Motion to Extend the Deadline for Service, **ECF No. 10**, is **DENIED**.

2. Defendants' Motion to Dismiss under Rules 4(m) and 12(b)(5), **ECF No. 7**, is **DENIED**.

3. Defendants' Motion to Continue Motion to Extend Time for Service, **ECF No. 8**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 19th day of September 2017.

_____
SALVADOR MENDOZA, JR.
United States District Judge

Q:\SMJ\Civil\2017\Adsit v. Dundrum - 110\order.denying.mtn.reconsider.docx

ORDER **-** 4