Kirk D. Miller, WSBA #40025
*Kirk D. Miller, P.S.*
421 W. Riverside Avenue
Suite 660
Spokane, WA  99201
(509)413-1494 Telephone
(509)413-1724 Facsimile

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER L. ADSIT, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DUNDRUM, LLC, and LAW OFFICES OF JAMES R. VAUGHAN, P.C.,<br><br>Defendants. | Case No.: 2:17-CV-0110-SMJ<br><br>MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT |

Table of Contents

I. INTRODUCTION ................................................................................................ 3

II. FACTS AND EVIDENCE RELIED UPON ..................................................... 4

III. AUTHORITY AND ARGUMENT .................................................................. 5

   A.   The Notice Program Ordered by the Court Was Completed and Is Constitutionally Sound. ........................................................................................ 6

   B.   The Settlement Is Fair, Reasonable, and Adequate. .................................. 7

       1.   The settlement is product of informed and non-collusive negotiations.... 7

       2.   The Settlement Agreement is fair, reasonable, and adequate................... 9

          a.  *The Amount Offered in Settlement* ......................................................... 9

          b.  *Fairness of Settlement in Light of Risks* .............................................. 10

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 1

    c. Length and Expense of Continued Litigation ......................................... 11
    d. The Experience and Views of Counsel ................................................... 12
    e. The Reaction of Settlement Class Members ........................................... 12
    f. The Presence of a Governmental Participant ......................................... 13
  C. The Settlement Class Should Be Finally Certified. .................................... 13
  D. Class Counsel's Request for Fees, Costs, and Service Awards Should Be Granted. ................................................................................................................ 14
IV. CONCLUSION ...................................................................................................... 14

Table of Authorities

**Cases**
*Boyd v. Bechtel Corp.*, 485 F. Supp. 610 (N.D. Cal. 1979) ..................................... 8
*Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010) .............................................................. 13
*Hanlon v. Chrysler Corp.*, 150 F.3d 1011 (9th Cir. 1988) ................................... 7, 8
*Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, *7 (W.D. Wash. Mar. 26, 2001) ............................................................................... 8
*Ikuseghan v. Multicare Health Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016) ........................................................................... 8
*In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454 (9th Cir. 2001) ........................... 10
*In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988 (9th Cir. 2010) .............. 6
*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2008) .................. 10
*In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036 (N.D. Cal. 2007) .................... 8
*In Re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934 (9th Cir. 2015) ......... 9
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553 (W.D. Wash. 2004) ........................................................................................................ 8
*Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982) ........ 10, 11
*Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537 (W.D. Wash. 2009) ..................... 8, 12
*Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948 (9th Cir. 2009) ................................. 7
**Other Authorities**
28 U.S.C. § 1715 ..................................................................................................... 13
*Manual for Complex Litigation* (Fourth) § 21.61 (2015) ......................................... 7
**Rules**
Fed. R. Civ. P. 23 .................................................................................................. 5, 6

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 2

## I. INTRODUCTION

Plaintiffs and Class Counsel have achieved an excellent result for the Settlement Class and believe the Settlement is fair, adequate and reasonable. The response of Settlement Class Members to the settlement shows that they agree. The deadline for Settlement Class Members to object or exclude themselves has now passed, and none of the Settlement Class Members have objected to the Settlement, the Plaintiff incentive award, or Class Counsel's fee request. A single member of the Settlement Class asked to be excluded from the Settlement.

The notice program approved by the Court and implemented by Class Administrator First Class, Inc. ("FCI") was effective and satisfies due process. A total of fifty-five (55) Settlement Class Members were mailed notice of the settlement. ECF No. 34. Four notices sent by the claims' administrator were initially returned as undeliverable, but alternate addresses were ultimately obtained and three of the four were re-sent. ECF No. 34. Only one class member is known to have not received notice. *Id.* No additional action was required of the class members in order to receive the settlement benefit. Each Settlement Class Member will receive two hundred dollars ($200.00). Per the terms of the settlement agreement (ECF No. 28-1), a *cy pres* fund will be established with any funds not negotiated by the class members and will be disbursed to Family Promise Spokane. Because the requirements of Rule 23(e) and (h) are satisfied, Plaintiffs request that the Court

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 3

grant final approval to the Settlement by: (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel thirty thousand dollars ($30,000.00) in attorneys' fees and costs; (5) approving a service award of two thousand dollars ($2,000.00) for the Class Representative; and (6) approving distribution of any *cy pres* funds to Family Promise Spokane.

## II.    FACTS AND EVIDENCE RELIED UPON

On September 14, 2018, this Court granted Plaintiffs' motion for preliminary approval of the Settlement reached between Plaintiffs and all Defendants. ECF No. 30. The Settlement requires Defendants to pay up to two hundred dollars ($200.00) to each Settlement Class Member. In addition to the settlement funds paid to the class members, Defendants also agreed to pay (1) all costs associated with administration of the Settlement, including printing and mailing notices and Settlement Award checks to Settlement Class Members; (2) any award of attorneys' fees and costs approved by the Court, up to thirty thousand dollars ($30,000.00) in fees and costs; (3) any incentive awards to Plaintiffs approved by the Court up to two thousand dollars ($2,000.00); and (4) a distribution of *cy pres* to Family Promise Spokane. ECF No. 28-1 ("Settlement Agreement").

The Settlement Administrator has mailed class notice in accordance with the notice plan approved by the Court. ECF No. 34. No class member has objected to

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 4

the Settlement and only one member opted-out of the Settlement. *Id.* Class Counsel filed their motion for an award of attorneys' fees, costs, and incentive awards to the Class representatives in accordance with the deadlines set forth in the Court's preliminary approval order. ECF No. 30, 31, 32. No Settlement Class Members objected. ECF No. 34.

This Motion relies upon the following pleadings and evidence filed with the Court:

1) ECF No. 28 (Unopposed Motion for Preliminary Class Settlement);

2) ECF No. 31 (Plaintiffs' motion for attorneys' fees and costs);

3) ECF No. 32 (Declaration of Plaintiff's counsel in support of attorney's fees); and

4) ECF No. 34 (Declaration of Bailey Hughes in Support of Final Approval).

### III.    AUTHORITY AND ARGUMENT

Federal Rule of Civil Procedure 23(e) requires the Court to direct notice in a reasonable manner to Class Members bound by the Settlement and to determine whether the Settlement is fair, reasonable, and adequate. Fed. R. Civ. P. 23(e)(1)–(2).

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 5

### A. The Notice Program Ordered by the Court Was Completed and Is Constitutionally Sound.

This Court already determined that the Notice Program proposed by the parties meets the requirements of due process and applicable law, provides the best notice practicable under the circumstances, and constitutes due and sufficient notice to all individuals entitled thereto. ECF No. 30. After the Court entered the Preliminary Approval Order, FCI fully executed the Notice Program. ECF No. 34. Defendants provided FCI with contact information records for fifty-five (55) people identified as Settlement Class Members ("Class List"). *Id.* FCI mailed notices to each of the Settlement Class Members. *Id.* A total of four (4) mailed notices were returned as undeliverable and FCI found alternate addresses for three of the four, which were not returned as undeliverable. *Id.*

Class members have had ample opportunity to object to the Settlement, satisfying the requirements of Rule 23(h). See, Fed. R. Civ. P. 23(h); *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 995 (9th Cir. 2010). Class Counsel filed their Unopposed Motion for an Award of Fees and Costs in connection with the Settlement on October 15, 2018. ECF No. 31. No Settlement Class Members objected to Class Counsel's motion for fees, costs, and incentive awards to the Class Representatives. ECF No. 34.

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 6

**B. The Settlement Is Fair, Reasonable, and Adequate.**

When considering a motion for final approval of a class action settlement under Rule 23, a court must determine whether the settlement is "fundamentally fair." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1988). A settlement merits final approval, when "the interests of the class as a whole are better served by the settlement than by further litigation." *Manual for Complex Litigation* (Fourth) ("MCL 4th") § 21.61, at 421–22 (2015). Although Rule 23 imposes strict procedural requirements on the approval of a class settlement, a district court's role in reviewing the substance of that settlement is to ensure that it is "fair, adequate, and free from collusion." *Hanlon*, 150 F.3d at 1026. Here, the parties engaged in arm's-length, non-collusive negotiations to reach the Settlement Agreement. Moreover, all factors that courts consider when evaluating settlements indicate that it is fair, reasonable, and adequate. Thus, the settlement should be approved.

    1. The settlement is the product of informed and non-collusive negotiations.

The Ninth Circuit puts "a good deal of stock in the product of an arm's-length, non-collusive, negotiated resolution." *Rodriguez v. W. Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009). "Arm's-length negotiations conducted by competent counsel constitute *prima facie* evidence of fair settlements." *Ikuseghan v. Multicare Health*

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 7

*Sys.*, No. 3:14-cv-05539-BHS, 2016 WL 3976569, *3 (W.D. Wash. July 25, 2016). Experienced, competent attorneys negotiated the settlement reached in this case. ECF No. 28. The parties, through counsel, engaged in discussions over a period of weeks, which ultimately resulted in the Settlement Agreement. *Id.* Such negotiations are prima-facie evidence of a settlement that is fair and reasonable. *See Hughes v. Microsoft Corp.*, No. C98-1646C, C93-0178C, 2001 WL 34089697, *7 (W.D. Wash. Mar. 26, 2001) ("A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery."); *see also Pelletz v. Weyerhaeuser Co.*, 255 F.R.D. 537, 542-43 (W.D. Wash. 2009) (approving settlement "reached after good faith, arm's-length negotiations"); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 227 F.R.D. 553, 567 (W.D. Wash. 2004) (approving settlement "entered into in good faith, following arms-length and non-collusive negotiations"); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1043 (N.D. Cal. 2007) (quoting *Boyd v. Bechtel Corp.*, 485 F. Supp. 610, 622 (N.D. Cal. 1979)) ("The recommendations of plaintiffs' counsel should be given a presumption of reasonableness."). Counsel spent a considerable amount of time engaging in written discovery, document review, data analysis, and analyzing legal issues related to the lawsuit's claims. ECF No. 31. *See also Hanlon*, 150 F.3d at 1027 (no basis to disturb the settlement, in the

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 8

absence of any evidence suggesting that the settlement was negotiated in haste or in the absence of information).

## 2. The Settlement Agreement is fair, reasonable, and adequate.

To assess the fairness of a settlement, courts in the Ninth Circuit look at the strength of the plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement. *In Re Online DVD-Rental Antitrust Litigation*, 779 F.3d 934, 944 (9th Cir. 2015).

### *a. The Amount Offered in Settlement*

The Settlement Agreement required Defendants to pay up to eleven thousand dollars ($11,000.00) based on the total number of class members. ECF No. 28-1, Settlement Agreement § 2.03. In addition, Defendants agreed to pay for all class administration costs, attorney's fees, and costs, up to a maximum amount set forth in the Settlement Agreement. *Id.* Finally, Defendants agreed to make a *cy pres* donation to Family Promise Spokane with any funds remaining if any settlement checks are not negotiated by the expiration date. FCI will send settlement award checks in the amount of two hundred dollars ($200.00) each to all fifty-four (54)

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 9

Class Members who did not opt out of the settlement. ECF No. 28-1; Settlement Agreement § 2.02.

Class Counsel considered that, based on the Defendant's net worth, Class Members would likely not obtain a judgment for more than the amount of the Settlement had the case proceeded to trial. The Class may have been able to obtain statutory damages up to 1% of the Defendant's net worth under the FDCPA. *See*, 15 U.S.C. § 1692k(a)(1)(B) (capping statutory damages to a class at $500,000 or 1% of the defendant's net worth, whichever is less). In addition, even if some additional recovery for the class members was possible, "[i]t is well-settled law that a cash settlement amounting to only a fraction of the potential recovery does not *per se* render the settlement inadequate or unfair." *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458 (9th Cir. 2001) (*quoting Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 628 (9th Cir. 1982)) (approving a settlement estimated to be worth 16–50% of the plaintiffs' estimated loss); *In re Omnivision Tech., Inc.*, 559 F. Supp. 2d 1036, 1042 (N.D. Cal. 2008) (approving settlement amounting to nine percent of estimated total damages).

### b. Fairness of Settlement in Light of Risks

Plaintiffs believe in the strength of their case, but are also aware that, as with any lawsuit, they risked losing on the merits. A risk Plaintiff faced is that this Court would decline to certify this case as a class action. In addition to their merits-based

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 10

arguments, Defendants would likely have opposed certification of the class on a number of grounds. Although Plaintiffs were confident that they would prevail on class certification, such facts present a risk that they could not ignore. With the Settlement, Class Members avoid all those risks and obstacles to recovery and will receive substantial benefits in a timely fashion.

### c. Length and Expense of Continued Litigation

Another factor in assessing the fairness of the proposed Settlement is the complexity, expense, and likely duration of this lawsuit had settlement not been achieved. *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982). Litigation would be lengthy and expensive if this action were to proceed. Although the parties had completed some discovery at the time they reached agreement, extensive motion work, including Plaintiff's dispositive motions, remained. An appeal may have further delayed collection of any judgment in favor of Settlement Class Members. The Settlement avoids these risks and provides immediate and certain relief. Moreover, Defendants expressed every intention of continuing a spirited defense of both actions, absent a settlement. Class Counsel has a significant amount of experience in consumer individual and class actions, including consumer protection actions involving debt collection, and knows from their own experience that any case involving a class of consumers can, and often

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 11

does, lead to costly litigation that goes on for years. In contrast, the settlement provides substantial relief to Settlement Class Members without significant delay.

### d. The Experience and Views of Counsel

Where class counsel is qualified and well informed, their opinion that a settlement is fair, reasonable, and adequate is entitled to significant weight. *See Pelletz,* 255 F.R.D. at 543. Here, Class Counsel believes the Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class as a whole. Declaration of Kirk D. Miller, filed herewith.

### e. The Reaction of Settlement Class Members

A positive response to a settlement by the class further supports final approval. *See Pelletz*, 255 F.R.D. at 543. Here, the reaction to the Settlement has been positive. Of the fifty-five (55) Settlement Class Members who were sent a notice, only one Settlement Class Member excluded himself from the Settlement, and none have objected to the Settlement or to Class Counsel's request for reasonable attorneys' fees, costs, and service awards to the Class Representatives. ECF No. 34. The lack of objections and lack of opt-outs indicate class-wide support for the settlement and weigh in favor of approval.

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 12

### *f. The Presence of a Governmental Participant*

No governmental entity is a party to this action. However, in compliance with the notice provision of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, Defendants provided settlement to the Attorneys General of Washington and to the Bureau of Consumer Protection at the Federal Trade Commission. ECF No. 34. "Although CAFA does not create an affirmative duty for either state or federal officials to take any action in response to class action settlement, CAFA presumes that, once put on notice, either state or federal officials will raise any concerns that they may have during the normal course of the class action settlement procedures." *Garner v. State Farm Auto Ins. Co.*, No. CV 08 1365 CW (EMC), 2010 WL 1687832, *14 (N.D. Cal. April 22, 2010). No governmental entity has objected to the Settlement. *Id.* Thus, this factor favors approval.

**C. The Settlement Class Should Be Finally Certified.**

In its Preliminary Approval Order, this Court granted class certification for settlement purposes only. ECF. No. 30. For all the reasons set forth in Plaintiff's preliminary approval briefing, the supplemental briefing Plaintiffs provided in this brief and their Motion for an Award of Fees, Costs, and Approval of Service Awards (ECF No. 31), and the Preliminary Approval Order, the Court should finally certify the Settlement Class.

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 13

**D. Class Counsel's Request for Fees, Costs, and Service Awards Should Be Granted.**

Not a single Settlement Class Member objected to Class Counsel's request for reasonable attorneys' fees, costs, and service award to the Class representatives. ECF No. 34. Class counsel spent a significant amount of time working on this case. ECF Nos. 31, 32. After additional time is added for drafting this motion and ongoing supervision of the settlement process, Counsel is requesting an award less than their full lodestar fees, in order to avoid additional litigation on the issue of attorney's fees. *Id.* Class Counsel's hourly rate is below market rate and the total award requested does not reflect any enhancements or multipliers. *Id.* Class Counsel respectfully requests that the Court find their lodestar request is reasonable, and award Class Counsel (1) their requested thirty thousand dollars ($30,000.00) in attorneys' fees and costs; and (2) award of two thousand dollars ($2,000.00) to Ms. Adsit, the class representative, for the service she provided to the Settlement Class by stepping forward to bring this case.

## IV.   CONCLUSION

For all the foregoing reasons, Plaintiff respectfully request that the Court enter an Order (1) approving the Settlement Agreement; (2) determining that adequate notice was provided to the Settlement Class; (3) finally certifying the Settlement Class; (4) granting Class Counsel thirty thousand dollars ($30,000.00) in fees and

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 14

costs; (5) allowing disbursement of any *cy pres* funds to Family Promise Spokane; and (6) approving a service award of two thousand dollars ($2,000.00) to the Class Representative.

DATED this 14th day of January, 2019.

*Kirk D. Miller, P.S.*

/s Kirk D. Miller
Kirk D. Miller, WSBA#40025
Attorney for Plaintiffs

CM/ECF Certificate of Service

I hereby certify that on the 14th day of January, 2019, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of filing to the following:

Adil A. Siddiki     adil@recoveryatty.com

/s Kirk D. Miller
Kirk D. Miller, WSBA#40025
Attorney for Plaintiffs

MOTION FOR FINAL APPROVAL OF
CLASS SETTLEMENT - 15