FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 19, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JENNIFER L. ADSIT, on behalf of herself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DUNDRUM, LLC; and LAW OFFICES OF JAMES R. VAUGHAN, P.C.,<br><br>　　　　　　Defendants. | No. 2:17-cv-00110-SMJ<br><br>**SETTLEMENT ORDER AND FINAL JUDGMENT** |

On September 14, 2018, the Court granted preliminary approval to the proposed class settlement ("Settlement") between Plaintiff Jennifer L. Adsit, as Class Representative, and Defendants Dundrum, LLC and Law Offices of James R. Vaughan. ECF No. 30. The proposed Settlement resolves all claims against Defendants in exchange for their agreement to provide certain monetary and non-monetary relief in the form of debt forgiveness as set forth in the Settlement Agreement and Release of Claims (the "Agreement"). ECF No. 28-1. Pursuant to

SETTLEMENT ORDER AND FINAL JUDGMENT - 1

the Court's prior order, notice was given to the Settlement Class[1]. ECF No. 34.

Now before the Court are Plaintiff's Unopposed Motion for Attorney's Fees and Costs, ECF No. 31, and Motion for Final Approval of Class Settlement, ECF No. 35. On March 19, 2019, the Court held a fairness hearing to consider whether to grant final approval to the Settlement. The Court heard argument from counsel. No class members objected to or otherwise appeared to testify regarding the settlement. Moreover, no class member has objected to the fee application.

The Court has considered all the papers and proceedings in this matter, including the pleadings; supporting declarations; oral argument; and the Agreement. Having reviewed the file in this matter, the Court finds the proposed Settlement fair, reasonable, and adequate, and that it is the result of extensive arm's length negotiations. *See* Fed. R. Civ. P. 23(e)(2). The Court therefore certifies the class under Federal Rule of Civil Procedure 23(b)(3) and approves the parties' Settlement.

The Court maintains its previous appointment of Class Representative and Class Counsel, and now turns to Plaintiff's application for an award of attorney's fees, costs, and service award—which are separate from the settlement funds to be paid to the Settlement Class.

---

[1] Capitalized terms shall have the meaning ascribed to them in the Agreement, ECF No. 28-1.

SETTLEMENT ORDER AND FINAL JUDGMENT - 2

# ATTORNEY'S FEES

Class counsel Kirk D. Miller negotiated a settlement for this class action lawsuit that arose under the Fair Debt Collection Practices Act ("FDCPA"). "Statutory awards of attorneys' fees are subject to 'lodestar' calculation procedures." *Six (6) Mexican Workers v. Ariz. Citrus Growers*, 904 F.2d 1301, 1311 (9th Cir. 1990). The amount of the fee must be determined on the facts of each case. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008) (noting that the lodestar method is mandatory for the FDCPA).

First, the Court calculates the lodestar by multiplying the number of hours reasonably expended by the reasonable hourly rate for such tasks. *Moreno v. City of Sacramento*, 534 F.3d 1106, 1111 (9th Cir. 2008); *Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006). There is a "strong presumption" that the lodestar represents a reasonable fee. *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992).

Second, the Court must consider whether either an upward or a downward adjustment is appropriate after considering the totality of the circumstances. *See Moreno*, 534 F.3d at 1112. Ultimately, a reasonable fee is one "that is sufficient to induce a capable attorney to undertake [] representation," *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 552 (2010), and that reflects the "level of success achieved" by the prevailing party, *A.D. v. Cal. Hwy. Patrol*, 712 F.3d 446, 460 (9th Cir. 2013).

A. **HOURS EXPENDED**

The Court may award fees only for hours reasonably expended and related to the successful claim. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2008) (directing the Court to consider whether the requested hours are excessive, redundant, or otherwise unnecessary or unreasonable in light of the issues involved).

Here, Class Counsel details a total of 88.31 hours expended on this matter over the past two years, including time spent on analyzing factual and legal issues, interviewing Ms. Adsit, and negotiating a settlement. ECF No. 32-1. Upon completing a line-by-line review of Class Counsel's submitted Time, Expense & Notes Report, *id.*, the Court concludes that no requested hours are unnecessary or duplicative. Moreover, the notes adequately allow the Court to analyze whether the time expended relates to the successful claim.

B. **HOURLY RATES**

The reasonable hourly rate is determined by the "rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Camacho*, 523 F.3d at 979. "Declarations filed by the fee applicant do not conclusively establish the prevailing market rate." *Id.* at 890. Rather, the rates charged for similar work are established through affidavits of other comparable attorneys. *Id.*; *see also Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)

SETTLEMENT ORDER AND FINAL JUDGMENT - 4

(requiring production of "satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those in the prevailing community"). The relevant time period for the rates is limited to within two years of when the attorney provided services. *Bell v. Clackamas County*, 341 F.3d 858, 869 (9th Cir. 2003).

Here, Class Counsel Kirk Miller charges $375 per hour and his paralegal, Rachel Elston, charges $125 per hour. ECF No. 31 at 9; ECF No. 32. Finding Counsel's affidavit declaring the reasonableness of his requested rate was insufficient, the Court directed him to submit additional documentation. ECF No. 38. Thereafter, Counsel submitted the 2017 Attorney Fee Survey Report showing the rates for attorneys handling class action cases in Spokane, Washington, ECF No. 39-1, additional information about relevant cases where his requested rate was approved, ECF No. 39 at 2, as well as declarations from two litigators affirming the reasonableness of Counsel's rate, ECF Nos. 40 & 41.

Having reviewed the additional documentation, the Court is satisfied the requested rates of $375 for Class Counsel and $125 for Ms. Elston are reasonable and consistent with the rates prevailing in the community for similar work performed by attorneys and paralegals of comparable skill, experience, and reputation. *See Camacho*, 523 F.3d at 979. Counsel is a highly regarded member of the bar with expertise in class actions and complex litigation. *See* ECF Nos. 32, 39–

41. Ultimately, the Court's calculated lodestar for each legal representative is as follows:

| Legal Representative | Hourly rate | Hours Expended | Lodestar |
|---|---|---|---|
| Kirk D. Miller | $375.00 | 76.78[2] | $28,792.50 |
| Rachel Elston | $125.00 | 11.53 | $1,441.25 |
| **Total** | | **88.31** | **$30,233.75** |

The Court's final calculated lodestar, which is presumptively reasonable, is $30,233.75.[3] While this figure is different from Counsel's calculation of $29,925.95, the Court sets aside the difference given that Counsel requests $30,000 in total for both fees <u>and</u> costs[4]—which is a reduction from either figure. Accordingly, the Court grants Counsel's unopposed motion and awards fees and costs in the amount of **$30,000**. This award accurately conveys the level of success achieved by Class Counsel in this case.

## SERVICE AWARD

Service awards are within the Court's discretion and are "fairly typical in class actions." *Barovic v. Ballmer*, Nos. C14-0540 JCC & 2:14-cv-00586-JCC,

---

[2] The Court treats "CRB draft" listed on page 3 of ECF No. 32-1 to be Counsel's expended hours.

[3] Counsel does not posit that augmentation of the lodestar amount is necessary, and the Court agrees.

[4] Class Counsel submits documentation of $522 in expenses relating to filing and service of process fees and administrative costs. ECF No. 31 at 11. Having reviewed Counsel's submitted Time, Expense & Notes Report, ECF No. 32-1 at 10, the Court agrees with the costs of $522.

SETTLEMENT ORDER AND FINAL JUDGMENT - 6

2016 WL 199674, at *5 (W.D. Wash. Jan. 13, 2016) (quoting *Hartless v. Clorox Co.*, 273 F.R.D. 630, 646–47 (S.D. Cal. 2011)); *see also Rodriguez v. ACL Farms, Inc.*, No. CV-10-3010-LRS, 2011 WL 13093165, at *1 (E.D. Wash. July 18, 2011).

Here, Class Counsel requests a service award payment to the Class Representative in the amount of $2,000. Ms. Adsit dedicated substantial effort as the representative, stepping forward to serve as proposed class representative, assisting in the investigation, reviewing the factual allegations in the complaint, keeping abreast of the litigation, responding to discovery requests, and meeting and communicating with Class Counsel on an ongoing basis regarding the progress of the litigation, settlement efforts, and settlement terms. ECF No. 31 at 12–13. Again, there were no objectors to such a payment.

To compensate her for the time and effort she dedicated to this case, the Court awards Ms. Adsit the reasonable amount of **$2,000**. *See, e.g.*, *Pelletz v. Weyerhaeuser Co.*, 592 F. Supp. 2d 1322, 1329–30 & n.9 (W.D. Wash 2009) (collecting cases). This does not undermine her representativeness.

Accordingly, **IT IS HEREBY ORDERED**:

1. Plaintiff Jennifer L. Adsit's Unopposed Motion for Attorney's Fees and Costs, **ECF No. 31**, and Motion for Final Approval of Class Settlement, **ECF No. 35**, are **GRANTED**.

2. The definitions and provisions of the Agreement are incorporated in

SETTLEMENT ORDER AND FINAL JUDGMENT **-** 7

this Order as though fully set forth herein.

**3.** The Court has jurisdiction over the subject matter of the Agreement with respect to and over all parties to the Agreement, including Class Representative and all members of the Settlement Class.

**4.** The Court approves the Settlement and finds the Settlement is fair, reasonable, and adequate to the Settlement Class; within the authority of the parties; and the result of extensive arm's-length negotiations between experienced counsel.

**5.** On September 14, 2018, in the Court's Order of Preliminary Approval of Class Settlement, ECF No. 30, the Court conditionally certified the following proposed Settlement Class for settlement purposes:

> *A.* All persons;
> *B.* Who are Judgment Debtors;
> *C.* In a case filed by or assigned to Dundrum, LLC;
> *D.* Based upon an assigned account for an obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied, and not based upon a claim assigned by any municipality;
> *E.* In a Court in the state of Washington;
> *F.* Where a writ of garnishment was filed on or after February 23, 2016;
> *G.* Where the writ of garnishment was sent to any third party in conjunction with a letter that is not specifically authorized by law;
> *H.* Where Dundrum sent the judgment debtor a "NOTICE OF GARNISHMENT AND OF YOUR RIGHTS" for a non-wage garnishment, which stated that the defendant

SETTLEMENT ORDER AND FINAL JUDGMENT - 8

was entitled to a $200 exemption for cash on hand or in a bank account.

As it did then, the Court finds the proposed Settlement Class satisfies the requirements of Federal Rule of Civil Procedure 23(b)(3). Accordingly, the Court makes final the conditional certification set forth in the Order of Preliminary Approval of Class Settlement. ECF No. 30 at 3–4.

6. A single member of the Class, Orlando Sanchez, has timely requested to be excluded from the Class and the Settlement. Accordingly, this Order shall not bind or affect Orlando Sanchez.

7. The Court hereby grants final approval to the Settlement and finds that it is fair, reasonable and adequate, and in the best interests of the Class as a whole. *See* Fed. R. Civ. P. 23(e). The Court has considered and hereby overrules all objections brought to the Court's attention, whether properly filed or not.

8. Neither this final judgment nor the Agreement is an admission or concession by Defendants of the validity of any claims; any liability, wrongdoing, or omission; or any violation of law in connection with any transaction, event, or occurrence. Neither this final judgment, nor the Agreement, nor any related documents in this proceeding, nor any

SETTLEMENT ORDER AND FINAL JUDGMENT - 9

reports or accounts thereof, shall be offered or received in evidence in any civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to consummate or enforce this final judgment, the Agreement, and all releases given thereunder, or to establish the affirmative defenses of *res judicata* or collateral estoppel barring the pursuit of claims released in the Agreement.

9. The Court hereby **DISMISSES WITH PREJUDICE** all claims of Settlement Class members against Defendants that arise out of or relate in any way to Defendants' debt collection efforts based on the garnishment forms, including but not limited to the affidavit of garnishment form or the underlying judgments identified in Defendants' spreadsheets, including but not limited to, claims based on a violation of the FDCPA, and any other statutory or common law claim as set forth in the Agreement.

10. Defendants, the assignor of the obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied included in the Class Member Judgment, and any other person who may thereafter legally seek to collect on the Class Member Judgment are enjoined from collecting any amount of money from the Class Member Judgment other than the assigned obligation for the

payment of money or thing of value arising out of any agreement or contract, express or implied included within the Class Member Judgment.

**11.** Class Representative, for herself and as the representative of the Class, and on behalf of each Class Member who has not timely opted out and each of their respective agents, successors, heirs, assigns, and any other person who can claim by or through them in any manner, fully, finally, and forever irrevocably release, relinquish, and forever discharge with prejudice all Released Claims against the Released Parties.

**12.** First Class, Inc., the designated class action administrator, completed the delivery of class notice according to the terms of the Agreement. The Notice given by First Class, Inc. to the Settlement Class, which sets forth the principal terms of the Agreement and other matters, was the best practicable notice under the circumstances. The notice program prescribed by the Agreement was reasonable and provided due and adequate notice of these proceedings and of the matters set forth therein, including the terms of the Agreement, to all parties entitled to such notice. The Notice given to members of the Class satisfied the requirements of Rule 23(e)(1) and the requirements of constitutional due process. The Notice was reasonably calculated

SETTLEMENT ORDER AND FINAL JUDGMENT - 11

under the circumstances to apprise Class Members of the pendency of this Action, all material elements of the Settlement, and their opportunity to exclude themselves from, object to, or comment on the Settlement and appear at the final fairness hearing. The Court has afforded a full opportunity to all Class Members to be heard. Accordingly, the Court determines that all members of the Settlement Class, except those who timely excluded themselves from the Class, are bound by this Settlement Order and Final Judgment.

13. Within ten (10) days after the filing of the proposed Agreement in this Court, Dundrum served a notice of the proposed settlement upon the appropriate state official of each state in which a Class Member resides and upon the Attorney General of the United States. The Court finds that the notice provided by Dundrum satisfied the requirements of 28 U.S.C. § 1715(d).

14. Without affecting the finality of this judgment, the Court retains continuing jurisdiction over (a) implementation of the Agreement, distribution of the settlement payments, incentive fees, and attorney's fees and costs contemplated by the Agreement, until each and every act agreed to be performed pursuant to the Agreement has been performed; and (b) all parties to this action and members of the

Settlement Class for the purpose of enforcing and administering the Agreement.

15. As an incentive payment in compensation for the time, effort, and risk she undertook as the representative of the Settlement Class, the Court awards **$2,000** to Plaintiff Jennifer L. Adsit.

16. The Court awards attorney's fees and costs to compensate Class Counsel and his paralegal for their time and expenses. The Court concludes that: (a) Class Counsel achieved a favorable result for the Class by obtaining Dundrum's agreement to certain debt forgiveness, non-monetary relief and programmatic changes, and by making funds available to Class Members, subject to submission of valid claims by eligible Class Members; (b) Class Counsel devoted substantial effort to pre- and post-filing investigation, legal analysis, and litigation; (c) Class Counsel prosecuted the Class's claims on a contingent fee basis, investing significant time and accumulating costs with no guarantee that they would receive compensation for their services or recover their expenses; (d) Class Counsel employed their knowledge of and experience with class action litigation in achieving a valuable settlement for the Class, in spite of Dundrum's possible legal defenses and their experienced and capable counsel; (e) Class Counsel has

SETTLEMENT ORDER AND FINAL JUDGMENT - 13

standard contingent fee agreements with Class Representative, who has reviewed the Agreement and been informed of Class Counsel's attorney fee and cost application, and has approved it; and (f) the Notice informed Class Members of the amount and nature of Class Counsel's fee and cost request under the Agreement, and Class Counsel filed their Fee Application in time for Class Members to make a meaningful decision whether to object to the Fee Application. For these reasons, the Court hereby approves Class Counsel's Fee and Cost Application and awards to Class Counsel fees and costs in the total aggregate amount of **$30,000**. All such fees are in lieu of statutory fees that Class Representative and/or the Settlement Class might otherwise have been entitled to recover.

17. Defendants shall pay the fee award to Class Counsel and the incentive fee to Class Representative, as well as amounts due to eligible Class Members who timely filed a claim under the Agreement, in accordance with and at the times prescribed by the Agreement.

18. The Clerk's Office is **DIRECTED** to **ENTER JUDGMENT** of dismissal with prejudice, **STRIKE** all dates and deadlines, and **CLOSE** this file.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and

provide copies to all counsel.

DATED this 19th day of March 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge

SETTLEMENT ORDER AND FINAL JUDGMENT - 15